L. C. GODWIN v. PEARL GODWIN

190 So. 603
Division A
Opinion Filed July 18, 1939

*O. S. Thacker,* for Appellant;
*Horrell & Horrell,* for Appellee.

THOMAS, J.—The complainant wife sought and obtained a decree granting her alimony. In her bill she did not pray for divorce but charged the defendant husband with deser-

tion and with extreme cruelty because of his inordinate attention to other women.

Because of the caption of the pleading: i.e., "Alimony Unconnected with Divorce" and its substance we understand that the statute to which complainant resorted for her relief is Section 4988 C. G. L. 1927, providing that if any cause for divorce exists in favor of the wife and she is living apart from her husband she may obtain alimony without procuring a divorce.

The defendant in his counterclaim asserted that the separation was chargeable to the complainant and was the outcome of domestic difficulties extending over a period of about fourteen years. He prayed for a divorce on the grounds of desertion, extreme cruelty and habitual indulgence in a violent and ungovernable temper.

Practically all of the testimony was introduced before a special examiner who reported it to the court without findings on questions of law or fact.

By his decree the chancellor ordered defendant to pay alimony, solicitors' fees and costs and recited that the desertion of the complainant by the defendant had been established while the defendant had failed to prove the allegations of the counter claim, hence was not entitled to a divorce.

The tale of domestic disharmony shown in the record is so strikingly similar to other controversies reviewed by us that we feel a digest of the testimony would be of little value. The wife was discontented and, according to the husband, the monotonous drone of a plaintive voice became unbearable. The wife's version was that he became too interested in other women. In either event, she finally slapped him and ever since they have remained apart.

We are inclined to agree that no grounds for divorce were proven but we feel, too, that complainant did not meet

the burden she undertook of establishing misconduct by the husband amounting to grounds for divorce, thereby entitling her to relief under Section 4988, *supra*. There was failure likewise of proof that the relative financial circumstances of the parties were such as to warrant her support by him.

It is the Court's order that the decree be reversed so far as the same provides alimony for appellee and that it be affirmed in its aspects relating to costs and fees.

So ordered.

TERRELL, C. J., and BUFORD, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4697, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.